1PER CURIAM.
Application granted in part.
Relator was convicted on two counts of molestation of a juvenile. He was sentenced to ten years imprisonment, which sentence was suspended with several conditions including serving three years in parish prison. Relator did not object to this illegal condition of probation. La.Code Crim.Proc. art. 895B.
Relator was released after serving eighteen months, apparently being given credit for “good time.” Three weeks later, the state filed a motion to revoke his probation because he had associated with a known felon for several days since his release. The trial judge revoked relator’s probation and sen *912 tenced him to serve the remainder of the sentence.
Total revocation of probation on the sole grounds alleged in the motion in this case was an abuse of discretion. It appears that reprimand and warning, imposition of additional conditions of continued probation, or imposition of intensified supervision would be a more appropriate penalty under the circumstances where the probationer’s sole violation was of a general condition of probation involving non-criminal conduct. La.Code Crim.Proe. art. 900 A(l), (2), (3). Of course, the state may file another motion to revoke on the basis of other violations of probation which are alluded to in the record or which occurred 12since the filing of the initial motion to revoke.
We therefore set aside the judgment revoking probation and remand the case to the trial court for consideration of other penalties short of total revocation. Otherwise, the application is denied.
KIMBALL, J., dissents.
DENNIS, J., not on panel.